```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

RICHARD DARON KENNEDY,           :

    Petitioner,                  :

v.                               :      CIVIL ACTION 07-0338-CG-M

LEON FORNISS,                    :

    Respondent.                  :


<u>REPORT AND RECOMMENDATION</u>

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Leon Forniss and against Petitioner Richard Daron Kennedy pursuant to 28 U.S.C. § 2244(d).

    Petitioner was convicted of child abuse and intentional murder in the Circuit Court of Mobile County on January 8, 1998 for which he received sentences of ten years and life, respectively, in the state penitentiary (Doc. 1, p. 2; *see also* Doc. 14, Exhibit A).  On appeal, the Alabama Court of Criminal Appeals affirmed the convictions (Doc. 14, Exhibit B).  The

certificate of final judgment was entered on October 20, 1998 (Doc. 14, Exhibit C).

Petitioner filed a Rule 32 petition on June 30, 2000 (*see* Doc. 14, p. 2).[1]  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed (Doc. 14, Exhibit E).  Kennedy has since filed three additional Rule 32 petitions, the last of which was concluded on April 13, 2007 when the Alabama Court of Criminal Appeals issued a Certificate of Judgment (Doc. 14, Exhibit F).

Petitioner filed a complaint with this Court on June 29, 2007 raising the single claim that he should not have been tried for the charges against him as he was mentally incompetent at the time of his offense and at the time of his trial (Doc. 1). Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 14, pp. 3-6).

Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

---

[1] The Court notes that Petitioner has indicated that he did not file any Rule 32 petitions (Doc. 1, p. 4).

2

>   period shall run from the latest of the date
>   on which the judgment became final by the
>   conclusion of direct review or the expiration
>   of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on October 20, 1998, the day on which the Alabama Court of Criminal Appeals issued a certificate of final judgment (Doc. 14, Exhibit C).  However, because Kennedy had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him—whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  Ninety days after October 20, 1998 is January 18, 1999.  This means that the statute of limitations clock began to run on January 19, 1999.

Petitioner's habeas corpus petition was not filed in this Court until June 29, 2007, more than seven years after the one-year grace period had expired.  Petitioner had filed a Rule 32 petition in the State courts on June 30, 2000, more than five months after the grace period had expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2000).  Petitioner's Rule 32 petition was filed too late to toll the statute.  Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).

The Court notes that Kennedy, in his Habeas Petition, has asserted that he was mentally incompetent (Doc. 1).  He has provided evidence that he has been diagnosed to suffer from schizophrenia and has been treated for it, including hospitalization, since 1981 (Doc. 1, Exhibit pp. 10-13).  Petitioner has also signed an affidavit which states that he was suffering mental illness at the time of the incident which led to the charges against him and his incarceration(Doc. 1, Exhibit pp. 14-15).  Though he has not specifically stated so, the Court understands Kennedy to be asking this Court to find that he has equitably tolled the statute of limitations.

The Eleventh Circuit Court of Appeals has held that § 2244 permits equitable tolling "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The *Steed* Court stated that "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly.  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Department of Corrections*, 297 F.3d 1278,

4

1286 (11th Cir. 2002), *cert. denied sub nom. Drew v. Crosby*, 537 U.S. 1237 (2003).  Because of the difficult burden placed on petitioners, the Eleventh Circuit has "rejected most claims for equitable tolling."  *Diaz v. Secretary for Department of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

    The Court notes that Kennedy has failed to provide this Court with medical or legal authoritative support for his assertions.  Rather, the evidence of record demonstrates that the Alabama Court of Criminal Appeals reviewed this same evidence and noted that the three orders of commitment were civil—as opposed to criminal—orders and that they all pre-dated Kennedy's trial by ten years (Doc. 14, Exhibit F, pp. 2-3).  That Court went on to note that "the record from Kennedy's direct appeal indicate[d] that before his 1998 trial he was evaluated and found competent to stand trial, and that this evaluation and finding was made with full knowledge of Kennedy's mental health history" (*id.* at p. 3).  This evaluation was completed at the request of Petitioner's trial attorney (*id.*).  The Psychologist who conducted the examination stated his opinion that "Mr. Kennedy is capable of working with his attorney and providing for his own defense without difficulties, despite his chronic mental disorder" (*id.* at p. 5) (quoting from the Record on Direct Appeal, C. 28-33).

    This Court finds that Petitioner has not established "a causal connection between his alleged mental incapacity and his

ability to file a timely petition."  See *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 127 S.Ct. 1079 (2007). As such, this Court recommends that the Court find that Kennedy is not entitled to equitable tolling of the statute of limitations.  The Undersigned finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Leon Forniss and against Petitioner Richard Daron Kennedy pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to

	which objection is made and the basis for the
	objection.  The objecting party shall submit to the
	district judge, at the time of filing the objection, a
	brief setting forth the party's arguments that the
	magistrate judge's recommendation should be reviewed <u>de
	novo</u> and a different disposition made.  It is
	insufficient to submit only a copy of the original
	brief submitted to the magistrate judge, although a
	copy of the original brief may be submitted or referred
	to and incorporated into the brief in support of the
	objection.  Failure to submit a brief in support of the
	objection may be deemed an abandonment of the
	objection.

	A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.	**<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

	DONE this 20th day of November, 2007.


				s/BERT W. MILLING, JR.
				UNITED STATES MAGISTRATE JUDGE